IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01655-MSK-KMT

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

STEVEN E. MUTH,

        Defendant.

---

**FINAL ORDER GRANTING APPLICATION FOR COURT ORDER,
AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

---

        THIS MATTER comes before the Court on the following motions filed by the Plaintiff: (1) a motion for judgment on the pleadings **(#24)**, to which the Defendant responded **(#36)** and the Plaintiff replied **(#35);** and (2) a motion for summary judgment **(#74)** and supporting exhibits **(#75),** to which the Defendant responded **(#77),** the Plaintiff replied **(#78)**, and the Defendant filed a surreply **(#79).**[1]

        There are also several other motions filed by the parties **(#45, #46, #47, #51, #52, #53, #59, #60, #61, #62, #63, #70)**. These are:

(1)    Mr. Muth's "motion requesting the Securities and Exchange Commission ("SEC") to plead the facts based on their findings that Muth acted with scienter or a required state of mind" **(#45)**, to which the SEC responded **(#58)**.

(2)    Mr. Muth's "motion requesting the SEC to deliver discovery" **(#46)**, to which the

---

[1] The Defendant appears *pro se* in this action. Thus, although the Court cannot serve as his advocate, it has liberally construed his filings in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

SEC responded **(#58)**.

(3) Mr. Muth's "motion requesting the SEC to show chase [sic] for there [sic] determination of damages" **(#47)**, to which the SEC responded **(#58)**.

(4) Mr. Muth's "motion for the SEC to deliver all pleadings before and after hearing" **(#51)**, to which the SEC responded **(#58)**.

(5) Mr. Muth's motion requesting "the SEC to show cause for there [sic] determination of irrelevance pertained [sic] to exhibits during and after herring [sic]" **(#52)**, to which the SEC responded **(#58)**.

(6) Mr. Muth's "motion requesting the SEC to show in specific detail how they determined Muth to contradict himself at hearing" **(#53)**, to which the SEC responded **(#58)**.

(7) Mr. Muth's "motion for the Court to review all exhibits denied by the SEC" **(#59)**, which the SEC moves to strike **(#70)**.

(8) Mr. Muth's "motion for the SEC to show motive for the findings of fact that Muth ran one unauthorized trade" **(#60)**, which the SEC moves to strike **(#70)**.

(9) Mr. Muth's "motion to compel the SEC to show the law they used for there [sic] use of exhibits that were not included at the hearing for there [sic] findings of fact" **(#61)**, which the SEC moves to strike **(#70)**.

(10) Mr. Muth's "motion to compel the SEC to deliver all requested discovery" **(#62)**, to which the SEC responded **(#69)**.

(11) Mr. Muth's "motion requesting the court to strike the SEC's hearing and findings of facts due to Muth's inability's [sic] to receive a fair hearing" **(#63)**, which the SEC moves to strike **(#70)**.

These motions were referred to the Magistrate Judge for determination, but such reference is withdrawn so that they can be determined in conjunction with the remaining motions. Having considered the same, the Court

**FINDS** and **CONCLUDES** as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Background

The Plaintiff, Securities and Exchange Commission ("SEC"), commenced this action pursuant to 15 U.S.C. § 78u(e)[2] to obtain a court order enforcing the SEC's Administrative Order against the Defendant, Steven Muth, requiring him to pay disgorgement and a civil penalty. Mr. Muth opposes enforcement of the Administrative Order by this Court. He challenges the validity of the Administrative Order on the basis of fraud, defamation, slander, conspiracy, and obstruction of justice.

## III. Mr. Muth's Motions

In his several motions, Mr. Muth challenges the SEC's Administrative Order on substantive and procedural grounds. He requests:

(1) that the SEC be required to show how it determined that he had the requisite state of mind for fraud in its Administrative Order **(#45)**;

(2) that the SEC provide discovery of documents, evidence and transcripts pertaining to the underlying administrative hearing **(#46, #62)**;

(3) that the SEC explain how it calculated the disgorgement and civil penalty set forth in the Administrative Order **(#47)**;

(4) that the SEC produce copies of pleadings from the underlying administrative hearing which demonstrate that Mr. Muth was denied due process during that hearing, for instance, that he was denied subpoenas for witnesses and evidence **(#51)**;

(5) that the SEC explain why evidence offered during the administrative hearing was excluded as irrelevant, so that this Court may revisit the issue of relevance **(#52)**;

(6) that the SEC point to evidence in the administrative record which shows that Mr. Muth made contradictory statements **(#53)**;

(7) that this Court consider the evidence excluded by the SEC during the

---

[2] This statute is also referred to as § 21(e) of the Exchange Act.

3

administrative hearing **(#59)**;

(8) that the SEC be compelled to produce evidence of Mr. Muth's motive to complete an unauthorized trade **(#60)**;

(9) that the SEC be compelled to show how it used non-trial exhibits in making its findings **(#61)**; and

(10) that the Court strike the SEC's findings of fact set forth in its Administrative Order on the basis that Mr. Muth was denied a fair hearing **(#63)**.

The SEC responds that Mr. Muth is precluded from relitigating the underlying administrative matter. It also moves to strike many of Mr. Muth's motions on this basis, pursuant to Fed. R. Civ. P. 12(f).

The Court agrees with the SEC that Mr. Muth cannot relitigate the underlying matter, but denies the motion to strike. Pursuant to Fed. R. Civ. P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a "pleading." Mr. Muth's motions do not fall within the scope of this rule. The appropriate treatment of the motions is to deny them.

The SEC is correct that Mr. Muth may not relitigate the underlying administrative matter. The underlying administrative matter arose pursuant to 15 U.S.C. § 78u-2 pursuant to which the SEC is authorized to sanction a person for violation of a securities law. Any person who is aggrieved by an administrative order issued by the SEC – *i.e.*, Mr. Muth – may obtain judicial review of the sanction by filing an appeal in a United States Court of Appeals within sixty days of the entry of the administrative order. 15 U.S.C. § 78y(a)(1). During appellate review, the circuit court considers whether the SEC abused its discretion and reviews the SEC's legal conclusions *de novo*. *See Rooms v. S.E.C.,* 444 F.3d 1208, 1212 (10th Cir. 2006). The failure to timely file a notice of appeal results in a final administrative order. *See Domestic Securities, Inc.*

4

*v. S.E.C.,* 333 F.3d 239, 245 (D.C. Cir. 2003). Then, after any appeal, or after the time expires for filing an appeal and none is filed, the SEC may file an application under 15 U.S.C. § 78u(e)[3] for an order from the district court to enforce the final administrative order. When such application is filed, the district court may convert the final administrative order into a final court order. In considering the application there is no *de novo* review of the administrative order. Instead, barring unusual circumstances, the granting of the application is almost automatic. This is because any substantive or procedural challenges to the administrative order were to have been raised on appeal.[4]

Here, the SEC issued an Administrative Order which Mr. Muth could have, but did not, appeal. The Administrative Order is now final. This action is on the Application of the SEC to confirm the Administrative Order. In this action, Mr. Muth may not raise and the Court may not

---

[3] This statute provides in relevant part:
(e) Mandamus
Upon application of the Commission the district courts of the United States and the United States courts of any territory or other place subject to the jurisdiction of the United States shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder[.]

[4] Instructive is the Ninth Circuit's decision in *S.E.C. v. McCarthy,* 322 F.3d 650, 655-59 (9th Cir. 2003), which held that a district court may summarily grant an application under 15 U.S.C. § 78u(e). It reasoned that such an "application" does not trigger the formal proceedings of a typical lawsuit, because its sole purpose is to ensure compliance with the SEC's administrative orders after the exhaustion of all appeals. According to *McCarthy*, once the SEC files its application under § 78u(e), "the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *Id.* at 658. However, the Ninth Circuit instructs that, before issuing any order, and as a matter of due process, the district court should "emplo[y] a procedure consistent with local and federal rules" and afford the defendant an opportunity to respond to the application. *Id.* at 659-60.

This approach is consistent with *S.E.C. v. Sprecher,* 594 F.2d 317, 320 (2d Cir. 1979), which addressed a similar statute in which the SEC can file an "application" with the Court. In *Sprecher*, the Second Circuit concluded that 15 U.S.C. § 77v(b) authorizes summary proceedings to enforce an SEC subpoena "upon application by the" SEC.

consider challenges to the Administrative Order's substance or the procedures used to obtain it. Mr. Muth's motions all raise challenges to the substance of the Administrative Order or the procedures used to obtain it. Falling outside the scope of this action, Mr. Muth's motions **(#45, #46, #47, #51, #52, #53, #59, #60, #61, #62, #63)** are denied.

### IV. Motion for Summary Judgment and for Judgment on the Pleadings

The SEC filed two motions seeking the same result – an order compelling Mr. Muth to comply with the SEC Order. The first is denominated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and the other is styled as a motion for summary judgment brought pursuant to Fed. R. Civ. P. 56. The unique nature of this action is not suited to tidy disposition under either rule, but as between them, Rule 56 arguably has better application. Thus the Court proceeds upon that motion.

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all

evidence in the light most favorable to the non-moving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

Here, to obtain the relief sought in its Application under 15 U.S.C. § 78u(e), the SEC must prove only that there is a final administrative order with which Mr. Muth has not complied. That is not disputed. The SEC issued an Administrative Order requiring Mr. Muth to pay disgorgement in the amount of $14,204.75 (plus prejudgment interest later calculated at $18,756.05), and a civil penalty in the amount of $770,000. Mr. Muth neither complied with nor appealed from the Administrative Order.

Because the SEC has conclusively shown the facts necessary to confirm the Administrative Order and Mr. Muth cannot challenge either its contents or the process by which it was obtained, the Application must be granted.

**IT IS THEREFORE ORDERED** that:

(1) The Court withdraws the reference of the motions filed by Mr. Muth (**#45, #46, #47, #51, #52, #53, #59, #60, #61, #62, #63**), and the motion (**#70**) to strike filed by the SEC, and **DENIES** the same.

(2) The SEC's motion for judgment on the pleadings (**#24**) is **DENIED**, as subsumed

within the motion for summary judgment.

(3) The SEC's motion for summary judgment **(#74)** is **GRANTED**. The SEC's Application **(#1)** under 15 U.S.C. § 78u(e) is **GRANTED**. Mr. Muth shall comply with the SEC's Administrative Order dated October 3, 2005, and pay the disgorgement, prejudgment interest, and civil penalty required by the Administrative Order within 30 days of the date of this Order.

(4) The Clerk of Court is directed to close this case.

Dated this 17th day of June, 2008

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge